UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARRIETTS OIL SERVICE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEADFAST INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　　Defendants. | Case No.: |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Steadfast Insurance Company ("Steadfast") and Zurich American Insurance Company ("Zurich") (collectively, "Defendants"), by and through their undersigned counsel, hereby remove this case from the Superior Court of New Jersey to the United States District Court for the District of New Jersey.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Harrietts Oil Service ("Plaintiff") and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. The grounds for removal are set forth in more detail below.

## THE STATE COURT ACTION

1.　The lawsuit was commenced by Plaintiff with the filing of a complaint against Defendants on May 8, 2023, in the Superior Court of New Jersey, which has been assigned Docket No. BUR-L-902-23 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto.

2. In the State Court Action, Plaintiff alleges that it filed an insurance claim with Defendants and that Defendants improperly denied the claim. As a result, Plaintiff seeks monetary relief.

3. Plaintiff mailed a copy of the summons and complaint to Steadfast's corporate office in Schaumburg, Illinois, which does not constitute proper service under the New Jersey Rules of Court. Additionally, Plaintiff also mailed a copy of the summons and complaint to the Corporation Service Company in Springfield, Illinois, Steadfast's registered agent in Illinois, which was received on May 12, 2023. A copy of the summons and complaint served on Steadfast is attached hereto as Exhibit "1."

4. Plaintiff mailed a copy of the summons and complaint to Zurich's corporate office in Schaumburg, Illinois, which does not constitute proper service under the New Jersey Rules of Court. Additionally, Plaintiff also sent a copy of the summons and complaint to the Chief Financial Officer of the State of Florida, which is Zurich's statutory agent in Florida. The Chief Financial Officer received the summons and complaint on May 22, 2023, and forwarded a copy to the Corporation Service Company the following day. A copy of the summons and complaint served on Zurich is attached hereto as Exhibit "2."

5. Even assuming service of Steadfast's registered agent in Illinois and Zurich's statutory agent in Florida constitute proper service of the summons and complaint, removal is timely under 28 U.S.C. § 1446(b).

**JURISDICTION AND VENUE**

6. This Court holds original jurisdiction over this action because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

7. Venue is proper because this district court embraces civil actions filed in the Superior Court of New Jersey. *See* 28 U.S.C. § 1441(a).

8. No previous application has been made for the relief requested herein.

9. Accordingly, Defendants seek to exercise their right to remove this action from the Superior Court of New Jersey to the United States District Court for the District of New Jersey.

## I. Complete Diversity of Citizenship Exists Between the Parties

10. Plaintiff is a New Jersey corporation with its principal place of business in Medford, New Jersey. (Compl. ¶ 1.)

11. Steadfast is an Illinois corporation with its principal place of business in Schaumburg, Illinois. Steadfast was a Delaware corporation at the time it issued the insurance policy at issue to Plaintiff, but re-domesticated to Illinois in 2018.

12. Zurich is a New York corporation with its principal place of business in Schaumburg, Illinois.

13. Based upon the above information, complete diversity of citizenship exists because Plaintiff is a citizen of the State of New Jersey and no defendant is a citizen of the State of New Jersey for the purpose of evaluating diversity jurisdiction.

## II. The Amount in Controversy Requirement Is Satisfied

14. According to the allegations in the Complaint, Plaintiff claims that Defendants denied its insurance claim, involving indemnification for gasoline contamination near an above ground storage tank. (Compl. ¶¶ 10, 16.)

15. Plaintiff alleges its damages are in excess of $250,000, which includes, *inter alia*, the full cost for remediation of the site. (Compl., Ad Damnum Clause.)

16.     Thus, the amount in controversy in this case is well in excess of the $75,000 jurisdictional threshold set forth in 28 U.S.C. § 1332(a).

## CONCLUSION

17.     In sum, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists as between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18.     No previous application has been made for the relief requested herein.

19.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk for the Superior Court of New Jersey.

**WHEREFORE**, Steadfast Insurance Company and Zurich American Insurance Company respectfully request that this action be removed from the Superior Court of New Jersey to the United States District Court for the District of New Jersey and that this Court assume jurisdiction of this action and make such further orders as may be required to properly determine this controversy.

Respectfully submitted,

Dated: June 12, 2023

  /s/ William D. Wilson
William D. Wilson
Craig R. Rygiel
**MOUND COTTON WOLLAN & GREENGRASS LLP**
30A Vreeland Road, Suite 210
Florham Park, NJ 07932
Tel. (973) 494-0600
Fax (973) 242-4244
wwilson@moundcotton.com
crygiel@moundcotton.com

*Attorneys for Defendants*
*Steadfast Insurance Company and*
*Zurich American Insurance Company*